IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

NOV 1 8 2005

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| BILLY E. ZISSA, | § | |
| TDCJ-CID # 1115584, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-5890 |
| | § | |
| CITY OF HOUSTON and HAROLD | § | |
| L. HURTT, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Billy E. Zissa, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 against defendants City of Houston and Harold L. Hurtt. Defendants filed a motion for summary judgment (Docket Entry No. 27). Although a reasonable period of time has expired, Zissa has not filed a response to the motion for summary judgment.

After careful consideration of the pleadings, motion, summary judgment evidence, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit.

### I.   FACTS AND CLAIMS

Zissa alleges in his complaint that on May 22, 2002, he consumed "an excessive amount of cocaine" and was outside "walking it off" when Houston police officers attempted to stop him. Because he was in violation of his probation, Zissa ran from them. According to Zissa, the officers gave chase, firing their weapons at him "at least ten times" as they ran

through a residential neighborhood. (Docket Entry No. 16, p. 7.) Zissa claims that he was, and was not, struck by the gunfire.[1] He further asserts that the cocaine caused him to become unconscious, and that while he was unconscious, the officers arrested him and beat him. He claims that the beating left him severely injured and hospitalized for four months. Zissa concedes that the officers had cause to chase and arrest him, but not to shoot and physically assault him.

Houston police and EMS records submitted by defendants show that on May 22, 2002, Houston Police Department dispatch received a citizen call for service, reporting that an unknown white male was lying on the ground, "foaming at the mouth" and "possibl[y] high on something." (Docket Entry No. 27, Exhibit A.) Police officers responded to the call, and found a person later identified as Zissa lying in a parking lot near a vehicle, searching the vehicle's tires. When Zissa saw the officers, he attempted to get under the vehicle, but became incoherent with labored breathing. The officers called for an ambulance. EMS personnel found him lying unconscious on the ground, breathing rapidly, and unresponsive to painful stimulus. Bystanders did not know him, and described his behavior as violent followed by unconsciousness. (*Id.*, Exhibit D.) Suspecting a possible narcotics overdose, EMS personnel transported him to Ben Taub Hospital. (*Id.*, Exhibit B.)

---

[1] In his complaint, Zissa states that he was shot in the right arm. (Docket Entry No. 1.) In his first more definite statement, he asserts that he was not shot. (Docket Entry No. 16.) In his second more definite statement, Zissa again alleges that he was shot. (Docket Entry No. 22.)

2

According to the affidavit testimony of one of the responding Houston police officers,

> I later arrived at Ben Taub Hospital to check on the suspect for purposes of completing my report, When I arrived at the hospital, I found the suspect in a trauma room. I observed the suspect lying down flat on a table, with no clothes on and with his arms tied down with gauze, staring up at the ceiling. I did not know if the suspect was dead or alive, so I asked one of the nurses. The nurse asked if I had brought the suspect in. I advised her that the suspect was transported by HFD. The nurse said that while they were working on the suspect, he came to and began fighting the nurses and doctors. They had to call security to keep him from fighting and tranquilize him. While at the hospital, I observed the room to be in total disarray. I observed things thrown about the room. Medical equipment, trays, and gauze had been thrown about the room.
>
> At no time during this investigation did I make physical contact with the suspect. I did not draw or discharge my weapon. I did not beat, kick, strike, or shoot the suspect. I did not observe any gun shot wounds nor any other physical injuries on the suspect. At no time did I use force or observe any other officer use force while in the presence of the suspect. I did not tell the suspect to stop running, nor did I chase the suspect. The suspect was not placed under arrest, nor was the suspect ever informed that he was under arrest or was being placed under arrest.

(*Id.*, Exhibit C.)

Records for Ben Taub Hospital show that upon his arrival at the emergency room, Zissa was in critical condition with a diagnosis of cocaine intoxication and respiratory distress. No observations of a gun shot wound, bleeding, bruising, lacerations, or other physical trauma were noted. (Medical Records, pp. 3, 10.) During the course of his two-month hospitalization, plaintiff was treated for liver, kidney, heart, and respiratory failure, and a swollen upper arm. He refused to cooperate with requested medical testing or with physical and occupational therapy treatments. (*Id.*, p. 11.) Medical staff reported him as verbally abusive and uncooperative. (*Id.*, pp. 13-15.) He eventually was identified and discharged to

jail. Zissa seeks $250,000.00 in damages for injuries allegedly caused by the police officers' use of excessive force.

## II.   ANALYSIS

### A.   Use of Excessive Force

Claims that law enforcement officers used excessive force in effecting arrests are analyzed under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989). To raise a fact issue as to his excessive force claims, Zissa must present probative evidence of (1) some injury, (2) which resulted directly from a use of force that was clearly excessive to the need; and (3) that the force used was objectively unreasonable. *See Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

Zissa claims that the officers used excessive force in arresting him by physically beating him while he was unconscious from the cocaine overdose, and that they may, or may not have, shot him in the arm. Defendants claim that in responding to a service call, police officers found Zissa unresponsive, and arranged for his ambulance transport to the hospital. Defendants deny that police officers chased, shot at, arrested, or physically assaulted plaintiff.

The probative summary judgment evidence shows that Zissa was found lying on the ground, unresponsive, and in respiratory distress. He admits that he had overdosed on cocaine. EMS personnel examined him at the scene, suspected a drug overdose, and did not report any gunshot wounds, bruises, bleeding, or other evidence of physical trauma. Upon his admission to the hospital, Zissa was found to be suffering from multiple organ system

4

failures and cocaine intoxication. Nothing in his voluminous medical records shows that he had sustained a gun shot wound or any physical trauma.

Zissa presents no probative evidence that he was chased through a Houston residential neighborhood by police officers who fired at least ten shots at him. He presents no probative summary judgment evidence that he sustained a gun shot wound, or that police officers used force on him. In short, Zissa fails to show that he sustained an injury, and in particular, one which directly resulted from use of force by a police officer. Zissa's excessive force claims are conclusory, have no support in the record, and are **DISMISSED**.

**B.     City of Houston**

A municipality is not liable for constitutional violations committed by city employees unless those violations resulted directly from a municipal custom or policy. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-29 (5th Cir. 1999). A city is not liable under either a theory of *respondeat superior* or vicarious liability; *Oklahoma City v. Tuttle*, 471 U.S. 808, 817 (1985); or for mere negligence in oversight. *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992).

In this case, Zissa has failed to present probative evidence of a constitutional violation directly caused by a municipal custom or policy. He fails to show any basis for asserting a claim against the City of Houston for the acts or omissions of the police officers on May 22, 2002, or for any alleged failure of the City to adequately supervise, discipline, or train its officers. *See Hare v. City of Corinth*, 74 F.3d 633, 649 (5th Cir. 1996). Zissa's claims

against the City of Houston are conclusory, without support in the record, and are **DISMISSED**.

C.  **Harold Hurtt**

Zissa sues Houston Police Chief Harold Hurtt in his individual and official capacity. Zissa does not claim that Hurtt was one of the officers who allegedly chased, shot, or assaulted him, and he fails to show any personal involvement by Hurtt in the relevant events. Hurtt is therefore entitled to summary judgment dismissing Zissa's claims against him in his individual capacity. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

A claim asserted against a state officer in his official capacity is a claim against the entity of which the officer is an agent. *Turner v. Houma Municipal Fire and Police Civil Service Board*, 229 F.3d 478, 483 (5th Cir. 2000). Thus, a claim against Hurtt stands as a claim against the City of Houston. For the reasons supporting dismissal of Zissa's claims against the City, his official capacity claims against Hurtt are **DISMISSED**.

D.  **State Law Claims**

Given a liberal construction, Zissa's pleadings also claim that the defendants were negligent or violated state laws during the events of made the basis of this lawsuit. Under 28 U.S.C. § 1367(c)(3), a federal court may decline to exercise supplemental jurisdiction over state law claims where the district court has dismissed all claims over which it has original jurisdiction. Because Zissa's federal claims are dismissed, this Court declines to exercise jurisdiction over any state law claims he has asserted. Zissa's state law claims are **DISMISSED WITHOUT PREJUDICE**.

## III. CONCLUSION

Accordingly, the defendants' motion for summary judgment (Docket Entry No. 27) is **GRANTED**. Zissa's federal claims are **DISMISSED WITH PREJUDICE**. His state law claims are **DISMISSED WITHOUT PREJUDICE**. Any and all other pending motions or requests for relief are **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 18th day of November, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE